# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

CASANDRA WINTERS                                          **PLAINTIFF**

**v.**                                  **CAUSE NO. 4:18-cv-00109-DMB-JMV**

**SUNFLOWER COUNTY CONSOLIDATED
SCHOOL DISTRICT**                                    **DEFENDANT**

## <u>ORDER</u>

This matter is before the court upon the Motion of Defendant to Strike Plaintiff's Expert Designation of Dr. Krishan Gupta as improper and incomplete. Having considered the briefing and the relevant rules, the court finds that the motion is well taken and should be GRANTED.

### *Background*

Plaintiff, a former principal of Moorhead Middle School, alleges in her complaint that her employment contract for the 2017-2018 school year was not renewed because of her race and gender. According to the defendant, the contract was nonrenewed for noncompliance/neglect of duty, decline of the school's accountability level, and inability to effectively communicate with staff and faculty as well as parents and the community.

In support of her discrimination claim, plaintiff asserts that male employees and/or white employees were similarly situated to her, in that they too had poor school accountability ratings but were not nonrenewed. Plaintiff seeks damages for lost wages and for emotional distress.

Plaintiff's designation of expert witnesses was due December 18, 2018, and on that date, she purported to designate Dr. Gupta, a licensed medical provider. Defendant has set out in its memorandum in support of its motion to strike plaintiff's expert, a full and accurate description of

the designation and the medical records of Dr. Gupta. For efficiency sake, those descriptions are incorporated herein by reference.

Similarly, defendant has accurately set forth the applicable federal and local rules governing expert designations, Fed.R.Civ.P. 26(a)(2)(c)(i) and L.U.Civ.R. 26(a)(2)(D).

*Analysis*

The designation of Dr. Gupta as a non-specially-retained expert (or as a retained expert, were that designation applicable) is not sufficient as it wholly fails to provide a summary of the facts and opinions on which Dr. Gupta will offer testimony (or a report were he specially retained) as required by the above referenced rules. That failure is not ameliorated by the provision of Dr. Gupta's treatment records of plaintiff.

Before striking an expert, Fed.R.Civ.P. 37(c) requires that the court determine whether the party's failure to provide such information was substantially justified or harmless.

Here, the court could not find that plaintiff's failure to properly designate Dr. Gupta was substantially justified as the plaintiff gives the court no explanation as to why she did not provide the information required by the rules in her response. Doc. #34.

Further, the court does not find plaintiff's improper designation harmless as the only information provided by plaintiff as to Dr. Gupta is Dr. Gupta's medical records, and Dr. Gupta's treatment records contain no opinions that any of plaintiff's various mental/emotional issues are casually related to any alleged employment discrimination. In fact, according to the treatment records, the plaintiff represented to Dr. Gupta that it was *she* who elected to not renew her employment contract for the 2017-2018 school year. She also stated that she chose not to renew because she recognized her conduct (isolationism and withdrawal from the staff) were "detrimental to the children." Doc. #30-4 at 21. While these records indicate that plaintiff has been seen for

serious mental conditions, there is simply no diagnosed causal relationship to any alleged discrimination. Accordingly, it is, frankly, unclear why plaintiff even purported, albeit improperly, to designate Dr. Gupta.

Finally, because the plaintiff failed to provide a summary of the facts and opinions on which Dr. Gupta would offer testimony, the defendant was not afforded the opportunity, as the defendant's expert designation deadline has passed, to provide a counter expert on the subject. As such, allowing this designation would result in prejudice to the defendant.

Accordingly, under these circumstances—and given that plaintiff is represented by counsel—the court finds the designation of Dr. Gupta as an expert witness inadequate and it is hereby STRICKEN.

SO ORDERED, this Wednesday, February 06, 2019.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE